UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CIT BANK, N.A.,

                              Plaintiff,                               **REPORT AND**
                                                                 **RECOMMENDATION**
                              -against-                                CV 15-4395 (JS) (ARL)

ELLEN M. ELLIOT, et al.,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with regard to CIT Bank, N.A.'s ("Plaintiff") renewed motion for damages to determine the appropriate amount of damages, costs, and/or fees to be awarded, if any. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff be awarded the following amounts: (a) $1,648,038.90 in unpaid principal as of June 5, 2018 and accrued interest amounting to $530,224.41; (b) recoverable costs in the amount of $4,113; (c) escrow advances of $88,856.50; and (d) attorneys' fees in the amount of $31,850.00. These amounts are in addition to any damages recommended by this Court in its Report and Recommendation dated February 5, 2019 ("1st R&R").

## BACKGROUND

      The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motion.

      On February 5, 2019, this Court recommended that Plaintiff be awarded a Judgment of Foreclosure and Sale against the defendant Ellen M. Elliot ("Defendant" or "Elliot"), under the supervision of a referee to be selected by Judge Seybert, reflecting the following amounts to be awarded to Plaintiff.: (a) escrow advances in the amount of $36,024.40; (b) late fees in the

amount of $9,647.28; and (c) costs in the amount of $3,572.83. This Court denied the remainder of Plaintiff's request for damages, without prejudice to renewal if Plaintiff provided an adequate explanation of and support for its requests. *See* ECF No. 70.

On February 19, 2019, Plaintiff filed objections to the 1st R&R challenging the denial of Plaintiff's request for damages. As part of the Objections to the 1st R&R Plaintiff submitted an Affidavit of Sean K Monahan dated February 19, 2019 ("Monahan Aff."), attaching additional support for Plaintiff's damage request as well as a second Affidavit from Tenisa Brooks dated February 19, 2019 ("Brooks Aff."), also providing additional support for Plaintiff's request.

On March 8, 2019, Judge Seybert adopted the 1st R&R and held that "this Court will not consider the additional submissions from Plaintiff; Plaintiff has demonstrated no compelling reason for doing so and has not given a reason for its earlier omissions. Thus, the Court construes Plaintiff's objections as a motion to renew its request for damages in accordance with Judge Lindsay's R&R." Order dated Mar. 8, 2019. Judge Seybert referred the renewed motion to the undersigned.

## DISCUSSION

In the renewed motion, Plaintiff seeks $1,648,038.90 in unpaid principal as of June 5, 2018 and accrued interest amounting to $530,224.41 through June 8, 2018. Monahan Decl. ¶ 3. Plaintiff also seeks "recoverable costs" of $4,113, reimbursement of advances made by Plaintiff to cover escrow shortages in the amount of $88,856.50 (*id.* at ¶14) and attorneys' fees in the amount of $38,530.00. *Id.* at ¶ 15. Defendant does not challenge Plaintiff's renewed motion for damages.

1. **Principal and Interest**

2

Upon a finding of liability, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The plaintiff bears the burden of proving its right to the amount of damages claimed. *J&J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173 (ENV) (JO), 2014 U.S. Dist. LEXIS 136024, 2014 WL 4700014, at *2 (E.D.N.Y. Aug. 29, 2014) (report and recommendation) (citation omitted). In an action for foreclosure and sale, damages "should be determined under the terms of the Notes and Mortgages." *E. Sav. Bank, FSB v. Rabito*, CV 11-2501 (KAM)(VVP), 2014 U.S. Dist. LEXIS 137714, 2014 WL 4804872, at *1 (E.D.N.Y. Sept. 10, 2014).

Plaintiff seeks $1,648,038.90 in unpaid principal as of June 5, 2018 and accrued interest amounting to $530,224.41 through June 8, 2018. According to Plaintiff, the accrued interest totaling $530,224.41 represents unpaid interest on the unpaid principal balance at a rate of 3.75000% from July 1, 2009 through January 31, 2017, at a rate of 3.87500% from February 1, 2017 through June 30, 2017, at a rate of 4.00000% from July 1, 2017 through August 31, 2017, at a rate of 4.12500% from September 1, 2017 through October 31, 2017, at a rate of 4.25000% from November 1, 2017 through December 31, 2017, at a rate of 4.37500% from January 1, 2018 through February 28, 2018, at a rate of 4.50000% from March 1, 2018 through March 31, 2018, at a rate of 4.57700% from April 1, 2018 through April 30, 2018, at a rate of 4.62500% from May 1, 2018 through May 31, 2018, and at a rate of 4.75000% from June 1, 2018 through June 5, 2018. Brooks Aff. ¶ 5.

In support of Plaintiff's renewed motion for damages, Plaintiff submits the affidavit of Tenisa Brooks, attaching a loan history of the loan from January 1, 2007 to February 1, 2019

3

which explains that pursuant to the terms of the Note, the interest rate on the Note changes monthly beginning December 1, 2006. "While the interest rate changes monthly, the minimum payment changes yearly beginning December 1, 2006. Pursuant to Section 3(c) if the minimum payment is not sufficient to cover the amount of interest then negative amortization will occur. The maximum principal balance pursuant to the note is 110% of the $1,500,000.00 originally borrowed or $1,650,000.00." Monahan Aff. ¶ 4. The Monahan Affidavit further explains that "the principal balance of the loan increased to $1,648,038.90 due to the defendant making payments that were insufficient to cover the interest from January 2007 to July 2009." *Id.* at ¶ 5. The backup supporting each shortfall is included in Ex. 3 to the Brooks Aff. Thus, Plaintiff has provided sufficient documentation to support its request for principal of $1,648,038.90.

Applying the rates described above to the principal amount of $1,648,038.90 for the period from July 1, 2019 (the date of default) through June 5, 2018, the undersigned finds Plaintiff's calculation of interest to be accurate.

Accordingly, the undersigned respectfully recommends that Plaintiff's request for a calculation of damages that includes unpaid principal in the amount of $1,648,038.90 as of June 5, 2018 and accrued interest amounting to $530,224.41 be granted.

### 2. *Corporate Advances and Escrow Advances*

Plaintiff requests an award for "recoverable costs" and escrow advances pursuant to the terms of the Consolidated Mortgage. Monahan Decl. ¶¶ 8-14.

Plaintiff seeks reimbursement of $4,113.00 for "recoverable costs" for inspection of the property, assessment of the value of the property, and property preservation which, as discussed in the 1st R&R, are recoverable costs. Monahan Aff. ¶¶ 8-11. Plaintiff has provided the Court

4

with a printout of expenses related to property preservation and inspection charges. Monahan Decl., Ex. A. These expenses appear reasonable.

With regard to the escrow advances, as discussed in the 1st R&R, Defendant is responsible for "Escrow Items," which include, among other things, taxes, assessments, water charges, and insurance premiums. Plaintiff has provided additional support for the claim for $88,856.50 in escrow expenses by providing a description of all tax and insurance payments advanced between 2009 and 2018. *See* Brooks Aff., Ex. 6.

Accordingly, the undersigned respectfully recommends that the request for $4,113.00 in recoverable costs and $88,856.50 of the escrow advances be granted.

  4.  *Attorneys' Fees*

Plaintiff renews its request for attorneys' fees in the amount of $38,530.00. Monahan Aff. ¶15. Plaintiff's attorneys' fee request has three components: Plaintiff seeks to recover

- $1,700.00 for the flat fee initially charged for 21.5 hours of work;
- $34,630.00 for fees the firm charged for services billed at hourly rates;[1] and
- $2,200 for anticipated fees

*See* Monahan Decl. ¶¶ 15-22. However, in the renewed motion, Plaintiff states it does not object to the 1st R&R's denial of its request for $2,200 in anticipated fees. Accordingly, Plaintiff's renewed fee request is reduced to $36,330.00.

The standard for awarding attorneys' fees was set forth in detail in the 1st R&R and will not be repeated here. The 1st R&R pointed out several deficiencies in Plaintiff's original fee request. First, Plaintiff had failed to provide background information for three attorneys for

---

[1] Presumably for 101.5 hours of work. The Monahan Declaration provides the number of hours covered by the flat fee arrangement and the total number of hours worked on the matter but does not expressly state the total number of hours billed. The Court reduced the number of hours worked by the number of hours covered by the flat fee arrangement to reach this number.

5

whom it sought to recover attorneys' fees – Mencio, Krechmer and Ciolko. In the renewed motion, Plaintiff provided background for two of the three individually named attorneys Ciolko and Krechmer. Accordingly, their hours will be included in the fee calculation, however, the hours of Attorney Mencio will not. A review of the records indicates that attorney Mencio billed 1.2 hours at $225 per hour for a total of $270. The fee award will be reduced by that amount.

Additionally, Plaintiff has clarified which of the hours billed are attributable to the flat fee services and which individuals billed fees for services billed at hourly rates. *See* Monahan Aff. ¶ 19.

In support of the original request for damages Plaintiff provided a breakdown of the number of hours billed and the hourly rate for each of the eleven attorneys the billed time to this matter. The hourly rates requested range from $165 to $ 520 per hour. Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates. *See, e.g., Trs. of the Bldg. Trades Educ. Ben. Fund v. Tanachion Elec. Contr., Inc.*, CV 17-5161 (DRH)(ARL), 2019 U.S. Dist. LEXIS 110791(E.D.N.Y. July 1, 2019) ("Hourly rates in the Eastern District of New York generally range "from $300 to $450 per hour for partners, $200 to $300 for senior associates, [and] $100 to $200 for junior associates."). The highest fee of $520 was billed by Leonid Krechmer, an associate at the firm. This is well beyond the range appropriate for an associate. Similarly, Nicole Ciole, also an associate at the firm billed at $460 per hour, Sean Monahan staff attorney billed at $390 per hour, Andrew Jacobson, special counsel billed at between $475 and $360 per hour, Robert Wilk, an associate billed at $360 per hour and Michael Resnikoff, special counsel billed at $430 per hour. The hourly rate for each of these attorneys shall be reduced to $325 per hour, which is the high end of

fees awarded for associates in this district. Thus, Plaintiff's fee request will be reduced by $4,210.00 to reflect the reduction in rates.

Accordingly, with respect to Plaintiff's request for attorneys' fees incurred, the undersigned respectfully recommends that Plaintiff be awarded attorneys' fees in the amount of $31,850 (reflecting reductions for $2,200 in anticipated fees, $270 attributable to an unidentified attorney and $4,210 for hourly rates higher than those acceptable in this District).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 25, 2019

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge