HASBANI & LIGHT, P.C.
150 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Seth D. Weinberg, Esq.
*Counsel for Defendant, Windward Bora, LLC*
*Assignee of Keyhole Capital – Fund V*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

CIT BANK, N.A.,                                               Case No.: 15-4395(JS)(ARL)

                                    Plaintiff,

            -against -

ELLEN M. ELLIOT, et al.,

                                    Defendants.

    -----------------------------------------------------------------X


**DEFENDANT, WINDWARD BORA, LLC ASSIGNEE OF KEYHOLE CAPITAL –**
**FUND V'S MEMORANDUM OF LAW IN OBJECTION TO THE REPORT AND**
**RECOMMENDATION DATED JULY 25, 2019**

## <u>TABLE OF CONTENTS</u>

I.   PRELIMINARY STATEMENT ................................................................................3

II.  STATEMENT OF FACTS AND PROCEEDURAL HISTORY...........................................3

III.  ARGUMENT ....................................................................................................5

    A.   Plaintiff's Submission in Support of Its Claim For Escrow Advances Was Insufficient To Establish The Figures Awarded In The July R&R ....................................................5

IV.  CONCLUSION ..................................................................................................8

## **TABLE OF AUTHORITIES**

**Cases**

*Action S.A. v. Marc Rich & Co.,* 951 F.2d 504 (2d Cir. 1991).........................................................3

*Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61 (2d Cir. 1981)......................................................3

*Nationstar Mortg. LLC v. Mullany,* Case No. 16-cv-5501(ADS)(AYS), 2018 WL 4658437 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted,* Case No. 16-cv-05501(ADS)(AYS), 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018)) ....................................3, 5

*U.S. Bank v. Kolyer*, Case No. 17-cv-06775(ADS)(AYS), 2018 WL 4126617 (E.D.N.Y. Aug. 2, 2018), *report and recommendation adopted sub nom*, *U.S. Bank Tr. N.A. for LSF9 Master Participation Tr. v. Kolyer,* No. 17-cv-06775(ADS)(AYS), 2018 WL 4119583 (E.D.N.Y. Aug. 29, 2018)...........................................................................................................................4, 6

*Wilmington Sav. Fund Soc'y, FSB v. Costa,* Case No. 18-cv-2036(DRH)(AYS), 2018 WL 6204620 (E.D.N.Y. Oct. 29, 2018), *report and recommendation adopted,* No. 18-cv-2036(DRH)(AYS), 2018 WL 6198954 (E.D.N.Y. Nov. 28, 2018)).................................................................3, 4, 5

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105 (2d Cir. 1997) ..3

*Windward Bora LLC v. Sterling,* Case No. 18-cv-1727(DRH)(SIL), 2018 WL 5839797 (E.D.N.Y. Nov. 8, 2018).............................................................................................................................3

**Statutes**

Fed R. Evid. 901 .................................................................................................................4, 5

Fed R. Evid. 802 .................................................................................................................4, 5

Fed R. Evid. 803.................................................................................................................4, 5

Defendant, Windward Bora, LLC assignee of Keyhole Capital – Fund V ("Windward Bora" or "Defendant") respectfully submits this Memorandum of Law in objection to the Report and Recommendation date July 25, 2019 of Magistrate Judge Arlene R. Lindsay.

## I.   PRELIMINARY STATEMENT

This action seeks to foreclose a mortgage purportedly held by Plaintiff, CIT Bank, N.A. ("Plaintiff"). Plaintiff obtained judgment as a matter of law and then on June 20, 2018 filed a motion for computation of damages. On February 5, 2019, Magistrate Judge Arlene R. Lindsay ("Judge Lindsay") issued the first Report and Recommendation (the "February R&R"). Unsatisfied with the February R&R, Plaintiff filed an objection on February 19, 2019. The Court converted the aforementioned Objection into a Motion to Renewal and referred it to Judge Lindsay for recommendation. Despite the insufficient documentation provided by the Plaintiff in support for its claimed escrow advances and attorneys' fees, the July R&R increased the recommended escrow advances from $36,024.40 to $88,856.50 and attorneys' fees from $0.00 to $31,850.00.

As such, Windward Bora respectfully objects to the findings set forth in the July R&R because of the lack of evidence submitted in support by the Plaintiff.

## II.   STATEMENT OF FACTS AND PROCEEDURAL HISTORY

On March 31, 2018, this Court issued a decision and order granting in part and denying in part Plaintiff's Motion for Summary Judgment. *See* Declaration of Seth D. Weinberg dated August 5, 2019 ("Weinberg Dec.") ¶ 3; *see also* ECF Doc No.: 58. The Court granted Plaintiff judgment as a matter of law against Defendant, Elliot, but denied the Plaintiff's request for the appointment of a referee to sell the property and to disperse funds. *See id*.

On June 20, 2018, Plaintiff filed a subsequent motion for damages ("Motion for Damages"). *See* Weinberg Dec. ¶ 4; *see also* ECF Doc. No.: 59. On October 11, 2018, the Court

3

referred the underlying issues in the Motion for Damages to Judge Lindsay for a Report and Recommendation. *See id*; *see also* ECF October 11, 2018 Electronic Order.

On February 5, 2019, Judge Lindsay issued the first Report and Recommendation (the "February R&R"). *See* Weinberg Dec. ¶ 5; *see also* ECF Doc. No.: 70. In the February R&R, Judge Lindsay recommended that Plaintiff be awarded escrow advances of $36,024.40, late fees of $9,647.28, costs of $3,572.83 and denied the remainder of Plaintiff's damages request without prejudice to renew. *See id.*

On February 19, 2019, Plaintiff filed an Objection to the February R&R. *See* Weinberg Dec. ¶ 6; *see also* ECF Doc. No.: 19. The Court determined that there was no error in February R&R and adopted its finding. *see* ECF March 8, 2019 Electronic Order. The Court then converted the aforementioned Objection into a Motion to Renewal and referred it to Judge Lindsay for recommendation. *See id.*

Judge issued the Report an Recommendation dated July 25, 2019 (the "July R&R"). *See* Weinberg Dec. ¶ 7; *see also* ECF Doc. No.: 75. In the July R&R, Judge Lindsay recommended awarding the Plaintiff $1,648,038.90 in unpaid principal as of June 5, 2018 and accrued interest of $530,224.41, $4,113.00 in recoverable costs, $88,856.50 in escrow advances and $31,850.00 in attorneys' fees. *See id.*

Windward Bora objects to the July R&R recommendation to increase the escrow advances to $88,856.50 through the instant declaration and the Memorandum of Law in Objection dated August 6, 2019.

## III.   <u>ARGUMENT</u>

### A.  **Plaintiff's Submission in Support of Its Claim For Escrow Advances Was Insufficient To Establish The Figures Awarded In The July R&R**

Windward Bora respectfully objects to recommendation to award Plaintiff $88,856.50 in escrow expenses. Windward Bora objects because the Plaintiff has failed to provide this Court with the admissible documentary evidence that is required for the rewarding of such damages. Specifically, the itemization annexed to the Brooks Affidavit is inadmissible hearsay. Furthermore, the itemization fails to definitively establish that Plaintiff tendered any of the amounts listed through any type of proof of payment.

Detailed affidavits and other admissible documentary evidence is required for the rewarding of damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *Windward Bora LLC v. Sterling,* Case No. 18-cv-1727(DRH)(SIL), 2018 WL 5839797 (E.D.N.Y. Nov. 8, 2018); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61 (2d Cir. 1981).

In *Nationstar Mortg. LLC v. Mullany*, the Hon. Arthur D. Spatt confirmed Magistrate Judge Anne Y. Shields' damages recommendation that the Plaintiff was not entitled to almost $12,000.00 in "other amounts" because the Plaintiff failed to provide admissible documentation supporting a "explanation of these amounts." Case No. 16-cv-5501(ADS)(AYS), 2018 WL 4658437, at *5 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted,* Case No. 16-cv-05501(ADS)(AYS), 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018)).

In *Wilmington Sav. Fund Soc'y, FSB v. Costa,* the Hon. Denis R. Hurley confirmed Magistrate Judge Anne Y. Shields' recommendation that Plaintiff was not entitled to more than $25,000.00 in costs because failed to provide admissible supporting documents for these amounts. *See* Case No. 18-cv-2036(DRH)(AYS), 2018 WL 6204620, at *4 (E.D.N.Y. Oct. 29, 2018), *report*

5

*and recommendation adopted,* No. 18-cv-2036(DRH)(AYS), 2018 WL 6198954 (E.D.N.Y. Nov. 28, 2018))

In *U.S. Bank v. Kolyer,* the Hon. Arthur D. Spatt confirmed Magistrate Judge Anne Y. Shields' recommendation that Plaintiff was not entitled to more than $11,000.00 in requested costs made up of alleged escrow advances because the Plaintiff failed to provide documents supporting an explanation for these amounts. *See* Case No. 17-cv-06775(ADS)(AYS), 2018 WL 4126617, at *5 (E.D.N.Y. Aug. 2, 2018), *report and recommendation adopted sub nom*, *U.S. Bank Tr. N.A. for LSF9 Master Participation Tr. v. Kolyer,* No. 17-cv-06775(ADS)(AYS), 2018 WL 4119583 (E.D.N.Y. Aug. 29, 2018).

The admission of hearsay evidence in prohibited under the Federal Rules of Evidence 802. *See* Fed R. Evid. 802. Hearsay is defined as an out-of-court statement offered for the truth of the matter asserted. *See id.* Rule 803(6) states the following:

> a "record of an act, event, condition, opinion, or diagnosis [is admissible] if: (A) the record was made at or near the time by--or from information transmitted by-- someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

Plaintiff must satisfy two elements to establish that the business records exception applies. *See* Fed R. Evid. 901(a). Specifically, the Plaintiff must establish 1) that the document presented as evidence is authentic, *see id.*, and 2) that it meets the requirements of Rule 803(6). *See id.*

Here, Plaintiff provided this Court with the Affidavit of Tenisa Brooks (the "Brooks Affidavit"). *See* ECF Doc. No.: 72-3. Ms. Brooks (the "Affiant") testifies that she is the Assistant Secretary of Loan Care, LLC ("Loan Care"), the Plaintiff's Loan Servicer. *See id.,* ¶ 1. Ms. Brooks

also testifies that she is somehow familiar with Plaintiff's records concerning its loan despite her failure to integrate Plaintiff's records into Loan Care's records. *See id.,* ¶¶ 1 – 2. Ms. Brooks then introduces a document that she refers to as "an itemization of every escrow advance from May 18, 2009 to May 15, 2018" (the "Itemization"). *See* Brooks Affidavit **Exhibit "6."**

The Itemization is hearsay because it is an out of court statement offered to establish the purported amounts of money disbursed by Plaintiff for escrows under the loan in question. *See* Fed R. Evid. 802; Brooks Affidavit **Exhibit "6."** The Itemization is not admissible under the business records exception because Plaintiff made no effort to even attempt to explain, let alone authenticate where the information included was obtained or when the Itemization was created. *See* Fed R. Evid. 901(a). Furthermore, Plaintiff fails to even attempt to comply with Fed R. 803(6) by establishing the Itemization was kept in the course of a regularly conducted activity of a business, or made as a regular practice of that activity. Accordingly, Plaintiff failed to provide any admissible documents in support of the amounts requested.

Even in the event that this Court considers the "Itemization" admissible documentary proof, which it should not, the Itemization would still fail to definitively establish that Plaintiff tendered any of the amounts listed. The Itemization is not supported by cancelled checks or any other documentation establishing that the Plaintiff actually made any of the alleged disbursements. As such, even if admissible, the Itemization fails to provide the court with documents supporting an explanation for these amounts. *See supra Mullany*, Case No. 16-cv-5501(ADS)(AYS), 2018 WL 4658437, at *5 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted,* Case No. 16-cv-05501(ADS)(AYS), 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018); *Costa*, Case No. 18-cv-2036(DRH)(AYS), 2018 WL 6204620, at *4 (E.D.N.Y. Oct. 29, 2018), *report and recommendation adopted,* No. 18-cv-2036(DRH)(AYS), 2018 WL 6198954 (E.D.N.Y. Nov. 28, 2018); *Kolyer,* Case No. 17-cv-06775(ADS)(AYS), 2018 WL 4126617, at *5 (E.D.N.Y. Aug. 2,

2018), *report and recommendation adopted sub nom*, *U.S. Bank Tr. N.A. for LSF9 Master Participation Tr. v. Kolyer,* No. 17-cv-06775(ADS)(AYS), 2018 WL 4119583 (E.D.N.Y. Aug. 29, 2018).

Therefore, Windward Bora objects to the July R&R as to recommendation to award $88,856.50 in escrow expenses to the Plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Windward Bora respectfully objects to July R&R as to recommendation to award $88,856.50 in escrow expenses to the Plaintiff and request such other and further relief as this Court deems just and proper.

Dated: New York, New York                    /s/ *Seth D. Weinberg*
       August 6, 2019                              Seth D. Weinberg, Esq.

8