```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CIT BANK N.A.,

                    Plaintiff,              MEMORANDUM & ORDER
                                             15-CV-4395(JS)(ARL)
        -against-

ELLEN M. ELLIOTT, KEYHOLE CAPITAL-
FUND V, and PORTFOLIO RECOVERY
ASSOCIATES LLC,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Allison J. Schoenthal, Esq.
                    Nicole E. Schiavo, Esq.
                    Hogan Lovells US LLP
                    875 Third Avenue
                    New York, New York 10022

                    Rachel B. Stein, Esq.
                    Sean Kevin Monahan, Esq.
                    Robert G. Wilk, Esq.
                    Windels Marx Lane & Mittendorf, LLP
                    156 West 56th Street
                    New York, New York 10019

                    Nicole E. Schiavo, Esq.
                    Moore & Van Allen
                    100 N. Tryon Street, Suite 4700
                    Charlotte, North Carolina 28202

For Defendants:
Ellen M. Elliott    William D. Shapiro, Esq.
                    The Law Office of William D. Shapiro
                    34 East Montauk Highway, Suite 3
                    Hampton Bays, New York 11946

Keyhole Capital-
Fund V              Adam J. Friedman, Esq.
                    Pulvers, Pulvers, Thompson & Friedman, LLP
                    950 Third Avenue, 11th Floor
                    New York, New York 10022

Danielle Paula Light, Esq.
Hasbani & Light, P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123

Portfolio Recovery
Associates LLC      No appearance

SEYBERT, District Judge:

In its March 8, 2019 Electronic Order adopting Magistrate Judge Arlene R. Lindsay's recommendation that Plaintiff be awarded a judgment of foreclosure and sale against Defendant Ellen M. Elliot, this Court referred Plaintiff's renewed motion for damages to Judge Lindsay. On July 25, 2019, Judge Lindsay issued her Report and Recommendation (R&R, D.E. 75) recommending that Plaintiff be awarded (a) $1,648,038.90 in unpaid principal as of June 5, 2018 and accrued interest amounting to $530,224.41; (b) recoverable costs in the amount of $4,113; (c) escrow advances of $88,856.50; and (d) attorneys' fees in the amount of $31,850.00 (R&R at 1).

On August 6, 2019, defendant Windward Bora LLC (as assignee of defendant "Keyhole Capital-Fund V") filed an objection to the R&R, objecting only to the recommendation that Plaintiff be awarded escrow advances of $88,856.50. (Windward Obj., D.E. 77; Winward Mem. of Law, D.E. 77-1, at 4.) According to the Complaint, Keyhole "has an interest in the Mortgaged Property by virtue of being the holder of a subordinate judgment." (Compl., D.E. 1, at

¶ 5.) Plaintiff responded to Windward's objection on August 8, 2019. (Pl. Resp., D.E. 79.)

This Court "may accept, reject, or modify the recommended disposition" and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72. "When a party makes no objections, or where it makes only conclusory or general objections, courts will review the magistrate's findings for clear error." Pagan v. Brown, No. 07-CV-0453, 2011 WL 3235769, at *1 (E.D.N.Y. July 28, 2011), aff'd, 485 F. App'x 454 (2d Cir. 2012).

The Court first notes the Clerk entered a certificate of default judgment against Keyhole Capital on July 21, 2017. (See D.E. 54.) Neither Keyhole nor Windward as assignee has moved to set aside the default. However, "[u]nlike the issue of liability, which was settled when defendants defaulted, defendants are entitled to challenge the R&R's damage award." Labarbera v. Interstate Payroll Co., Inc., No. 07-CV-1183, 2009 WL 1564381, at *2 (E.D.N.Y. June 2, 2009).

Windward objects to the escrow advance "because the Plaintiff has failed to provide this Court with the admissible documentary evidence that is required for the rewarding of such damages." (Windward Mem. of Law at 5). Windward claims that the affidavit of Tenisa Brooks, an assistant secretary at Loan Care, is insufficient to satisfy the business records exception, see FED.

3

R. EVID. 803(6), because it "fail[s] to integrate Plaintiff's records into LoanCare's records." (Windward Mem. of Law at 7). However, Brook's affidavit states that she is "familiar with the Note and Mortgage, which are the subject of this action, as well as with the books and records kept and maintained by Plaintiff, in connection with this matter." (Brooks Aff., D.E. 72-3 ¶ 1.) Further, "[t]o the extent that business records were created by prior owners and servicers of the Note, those records have been integrated into LoanCare's business records and verified in accordance with LoanCare's policies and procedures and are kept and relied upon as a regular business practice and in the ordinary course of business conducted by LoanCare." (Brooks Aff., ¶ 2.) Thus, it is admissible as a business record and the Court OVERRULES Windward's objection on this point.

Windward also argues that the evidence as to the escrow advance is insufficient because the itemization submitted by Plaintiff "is not supported by cancelled checks or any other documentation establishing that the Plaintiff actually made any of the alleged disbursements." (Windward Mem. of Law at 7). However, once "liability is established, the court must ascertain damages with 'reasonable certainty.' An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded." Nationstar Mortg. LLC v. Mullany, No. 16-CV-5501, 2018 WL 4658437, at *3

4

(E.D.N.Y. Sept. 11, 2018), R&R adopted, 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018) (quoting Credit Lyonnais Sec. [USA] Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) and Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991)). "[T]he party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested." Id. (internal quotation marks and citations omitted).

Windward cites no case for its proposition that Plaintiff is required to submit cancelled checks or other documentation in addition to its business records with itemized transactions, and Plaintiff has submitted an itemized description of all tax and insurance payments advanced from 2009 to 2018. (Brooks Aff., Ex. 6, D.E. 72-9.) The Court finds that this itemized breakdown, in conjunction with Brooks' affidavit, (see Brooks Aff. ¶ 7), is adequate documentation of the escrow advances and allows the Court to ascertain damages to a "reasonable certainty." Thus, Windward's objection on this point is also OVERRULED.

The Court ADOPTS the findings and recommendations in Judge Lindsay's well-reasoned and thorough R&R in their entirety. Accordingly, Plaintiff's renewed motion for damages is GRANTED and Plaintiff is awarded (a) $1,648,038.90 in unpaid principal as of June 5, 2018 and accrued interest amounting to $530,224.41; (b)

5

recoverable costs in the amount of $4,113; (c) escrow advances of $88,856.50; and (d) attorneys' fees in the amount of $31,850.00.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __17__, 2019
       Central Islip, New York